9 F.3d 1554
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ramiro MESA-FARIAS, Defendant-Appellant.
 No. 92-30275.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 31, 1993.
Decided Oct. 14, 1993.
 
 Before: WALLACE, Chief Judge, BOOCHEVER and NOONAN, Circuit Judges.
 
 MEMORANDUM
 
 1
 Mesa-Farias was convicted of conspiracy to distribute 5,000 grams of cocaine, in violation of 21 U.S.C. § 846; possession with intent to distribute 5,000 grams of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A); and possession with intent to distribute 100 grams of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). Lopez-Mendoza, a co-defendant, was indicted on the same three counts. He pleaded guilty to possession of cocaine and the other two counts were dismissed.
 
 
 2
 On appeal, Mesa-Farias asserts that his drug possession and conspiracy convictions must be set aside because he was denied his Sixth Amendment right to call a witness in his defense. He argues that the district court's decision not to require Lopez-Mendoza to testify was improper. The court's decision was based on Lopez-Mendoza's indication that he would assert a blanket Fifth Amendment privilege not to testify.
 
 
 3
 We review Lopez-Mendoza's assertion of his Fifth Amendment privilege against self-incrimination de novo. United States v. Rubio-Topete, 999 F.2d 1334, 1338 (9th Cir.1993). The general rule is that the Fifth Amendment does not allow Lopez-Mendoza to refuse to take the witness stand. Instead, he must assert his privilege "in response to specific questions propounded by the investigating body." United States v. Pierce, 561 F.2d 735, 741 (9th Cir.1977) (Pierce ), cert. denied, 435 U.S. 923 (1978). "Thus a blanket refusal to answer any question is unacceptable." Id.
 
 
 4
 We have recognized a narrow exception to this general rule when the district court has sufficient knowledge of the case to conclude that "the witness could legitimately refuse to answer essentially all relevant questions." United States v. Tsui, 646 F.2d 365, 368 (9th Cir.1981) (internal quotations omitted), cert. denied, 455 U.S. 991 (1982). This is a very narrow exception. In order for it to apply, the court must be able to conclude that "any response to all possible questions ... would tend to incriminate the witness." Id. at 367 (internal quotations omitted). This conclusion must be based upon "some special or extensive knowledge of the case that allows the evaluation of the claimed Fifth Amendment privilege even in the absence of specific questions to the witness." United States v. Moore, 682 F.2d 853, 856 (9th Cir.1982) (Moore ).
 
 
 5
 At oral argument, the government conceded that Lopez-Mendoza could have answered some of Mesa-Farias's questions without incriminating himself. For example, he could have testified that the cocaine was his and that Mesa-Farias had no knowledge of the cocaine. Because Lopez-Mendoza had already pleaded guilty to possessing the cocaine, this testimony could not have violated his privilege against self-incrimination. See Pierce, 561 F.2d at 738.
 
 
 6
 The district court's refusal to call Lopez-Mendoza on the ground that he intended to assert a blanket Fifth Amendment privilege was erroneous as a matter of law. Because of the circumstantial nature of the government's evidence against Mesa-Farias, we cannot conclude this error was harmless beyond a reasonable doubt. See Moore, 682 F.2d at 857-58. Therefore, we reverse Mesa-Farias's conviction and remand the case to the district court for a new trial.
 
 
 7
 Mesa-Farias also contends that the district court should have held a hearing to determine whether Lopez-Mendoza's assertion of the Fifth Amendment privilege was the result of prosecutorial misconduct. Because we reverse the conviction on another ground, we do not reach this issue.
 
 
 8
 REVERSED AND REMANDED.